## CHRISTIE *v.* WALTON.

[No. 9,087. Filed October 3, 1916. Rehearing denied December 13, 1916.]

1. PHYSICIANS AND SURGEONS. — *Malpractice.* — *Complaint.* — *Sufficiency.*—In an action against a physician for malpractice in treating a burn on plaintiff's foot, a complaint containing allegations showing the nature and extent of the injury, that the only cure was a certain treatment which the defendant unskilfully and negligently failed to employ, that he negligently used, and continued to use, an insufficient remedy and failed to observe that it was not healing the wound, and that as a result of defendant's negligence and unskilfulness plaintiff suffered great pain, etc., and the foot was amputated, sufficiently states a cause of action for improper diagnosis, from want of skill or care, for use of an improper remedy and the continuance thereof after it should have been observed to be ineffectual. p. 235.

2. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—Where there is some competent evidence to support a verdict for plaintiff, it must be sustained on appeal, even though the weight of the evidence was favorable to the defendant. p. 237.

From Jennings Circuit Court; *Robert A. Creigmile,* Judge.

Action by Eva Walton against James M. Christie. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Alexander G. Cavins* and *William Fitzgerald,* for appellant.

*H. C. Meloy, F. M. Thompson* and *George H. Batchelor,* for appellee.

IBACH, J.—Appellee recovered damages from appellant, a physician and surgeon, for malpractice in treating a burn on her foot. In substance, it is averred in the complaint, among other things, that the burn which she had received was so severe that eight or ten square inches of the skin on her foot was deadened and destroyed; that the bones of the ankle and instep were scorched, charred, burned and deadened; that the only cure or safe course in the treatment of such injury was the amputation of the foot, or the grafting of skin over the parts which had been burned after the removal of the deadened and charred parts of the bones; that she first went to a hospital and secured the services of Dr. George Denny, a competent physician; that then she went to the home of a relative to wait until the foot was ready for operation; that there she placed herself under the care of appellant, who undertook to treat her foot, but he failed to graft skin where the skin had been destroyed; that, as a result of such improper treatment and unskilful and negligent conduct of appellant, the foot did not heal and was not cured, and that it became useless, deformed and drawn, and subject to suppurating sores; that although she told him the advice and suggestions she had received from Dr. Denny, he told her they were unsound and that he could cure her foot without skin grafting, and without the removal of the charred bones, by the use of Scarlet Red salve, and by tricks and artifices kept Dr. Denny from visiting her; that appellant negligently and unskilfully continued to use his Scarlet Red salve, which was not adapted for use on a burn of such degree, but was a remedy for superficial burns where the bones were not deadened or large parts of skin destroyed; that he negligently failed to observe that his Scarlet Red remedy was insufficient for the purpose for

which it was being used, and negligently failed to observe that the burns were not healing with new skin, and negligently and unskilfully continued to use the same, assuring appellee that her foot was healing; that he advised her to remain away from home for many months, confined to her bed, and negligently and unskilfully permitted her injured limb to remain in a drawn position for such a length of time that it was drawn upward and backward, shortening such limb, and greatly deforming her; that at all times during such treatment she suffered excruciating pain, the period of which was unnecessarily extended and prolonged by reason of the negligent and unskilful conduct of defendant, and by reason of such conduct she suffered and still suffers great pain and mental anguish, her health has become impaired, her nervous system shattered and shocked, and her foot a corrupt mass of suppurating sores and hopelessly useless for any purpose.

By a supplemental complaint it was alleged that since the filing of the complaint the foot and ankle became further diseased on account of appellant's negligent and unskilful conduct; that in order to prevent blood poison and the further impairment of her health and to save her life, it was necessary to amputate her leg above the ankle, and that such amputation would have been prevented, if defendant had properly treated the limb by removing the deadened portions of bone and grafting skin.

The complaint sufficiently states a cause of action on the theory that appellant improperly diagnosed the case, from a want of skill or care, and used an improper remedy, and continued to use it after he should have observed that it was ineffectual, and that such treatment made her condition worse. It is also averred in the complaint that the grafting of skin after the removal of the charred bones would have been a proper remedy in the case. *Longfellow* v. *Vernon* (1914), 57 Ind. App. 611, 105 N. E. 178; 30 Cyc 1570.

The next question is as to the sufficiency of the evidence to sustain the verdict. It may as well be admitted that the weight of the evidence, most of which was given by

2. physicians, was favorable to appellant, and did not tend to show that he was negligent in diagnosis or treatment, or that skin grafting would have been successful if used. However, this court is bound to sustain the verdict if there is any competent evidence on which it can rest, without considering evidence which conflicts with that which tends to sustain it. There was evidence, some of which was expert, that Scarlet Red salve was not a standard remedy for such a burn as that on appellee's foot; that if proper in such a case, the injured and charred bones should have been first removed. There was also some evidence of the same character tending to show that appellant was negligent in failing to remove the charred bones and in continuing to use the Scarlet Red salve after it was apparent that it was not a proper remedy. There being some evidence to support the verdict, the judgment of the lower court must be affirmed. Judgment affirmed.

NOTE.—Reported in 113 N. E. 750. Physicians and surgeons: (a) care and skill required, 1 Ann. Cas. 21, 306, 14 Ann. Cas. 605, 30 Cyc 1570; (b) sufficiency of complaint to charge negligence, 59 L. R. A. 209, 30 Cyc 1583.